JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Los Angeles County Department of Children and Family Services, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | 2:19-cv-00623-CAS-MAA ~~2:18-cv-00623-CAS-MAA~~ |
| K.A., | **ORDER RE REQUEST TO PROCEED** *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                                             United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency          ☒ District Court lacks jurisdiction

☐ Legally and/or factually patently frivolous          ☐ Immunity as to _____

☒ Other:  K.A. seeks to proceed in forma pauperis in removing a state court dependency proceeding for which there is no federal court jurisdiction.

Comments:
See attachment.

Feb. 8, 2019          _____
Date                              United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED

☒ DENIED (see comments above).  IT IS FURTHER ORDERED that:

    ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

    ☐ This case is hereby DISMISSED immediately.

    ☒ This case is hereby REMANDED to state court.

February 11, 2019          _____
Date                                     United States District Judge

CV-73 (08/16)          ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

**ATTACHMENT TO ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS***
**(FORM CV-73)**

*L.A. Cty. Dep't of Children & Family Servs. v. K.A. (In re Z.A.)*
No. 2:19-cv-00623-CAS-MAA

On January 28, 2019, K.A. filed a Notice of Removal of an action filed in Los Angeles County Superior Court, Case No. 18CCJP06150A. (ECF No. 1.) K.A. seeks to proceed *in forma pauperis* in federal court. (ECF No. 7.)

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal courts have "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raise[] the issue or not." *United Inv'rs Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . ." *Id.* at 393.

Here, the state court action is a juvenile dependency proceeding in which the Los Angeles County Department of Children and Family Services ("DCFS") asserted that the child Z.A. came within the jurisdiction of the state juvenile court. (*See* ECF No. 1-2.) K.A., who is not a party in the state court action, claims that she is the mother of Z.A. (ECF No. 1, at 2.) In state court, K.A. allegedly filed a motion to dismiss the juvenile dependency petition, arguing: "1. Violation Of Title II Of Americans With Disabilities Act, 42 U.S.C. Sections 12131-12134, and Section 504 Of Rehabilitation Act of 1973 During Pre-Jurisdiction Hearing Investigation of K.A.; 2. Judicial Estoppel." (ECF No. 1, at 2.) (The motion to dismiss has not been lodged in this proceeding.) K.A. apparently asserted that she was disabled as defined by the Americans with Disabilities Act, and that DCFS failed to accommodate her disability in its investigations with respect to Z.A. (*See* ECF No. 1-1, at 2 (responding to K.A.'s assertions).) In response to the motion to dismiss (again, in a brief not lodged with this Court), counsel for Z.A. allegedly asserted that, even if K.A. were disabled as alleged, K.A. may recover for alleged violations of the Americans with Disabilities Act and Rehabilitation Act only "in an independent civil action, not through dependency courts." (ECF No. 1, at 3; *see also* ECF No. 1-1, at 2 ("[K.A.] may pursue a cause of action regarding alleged violations of the ADA in a separate proceeding.").) K.A. then filed her Notice of Removal, asserting that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and that the federal court is "the only place where K.A. can enforce her Federal civil rights." (ECF No. 1, at 4.)

1

The juvenile dependency petition does not present a federal question; instead, it rests exclusively on California law. (*See* ECF No. 1-2 (invoking Cal. Welf. & Inst. Code § 300).) Thus, because no federal question is presented on the face of the petition, federal question jurisdiction does not exist over the dependency proceeding. *See Caterpillar, Inc.*, 482 U.S. at 392 (articulating the well-pleaded complaint rule). Even if the petition presented a federal question, dependency proceedings, such as the one sought to be removed to this court, are the proper domain of state law and state courts. *See Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) ("[F]ederal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife. . . . Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." (citations and quotation marks omitted)); *cf. In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.").

To the extent K.A. seeks to assert a defense or counterclaim predicated on the Americans with Disabilities Act or Rehabilitation Act, such a defense or counterclaim is insufficient to establish jurisdiction. A federal defense or an actual or anticipated federal counterclaim cannot form the basis for removal. *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009) (actual or anticipated defenses or counterclaims do not give rise to federal question jurisdiction). Therefore, Defendant has not met her burden to establish that this Court has jurisdiction over this action.

Because the Court lacks subject matter jurisdiction, the undersigned Magistrate Judge recommends that this case be remanded to the Los Angeles County Superior Court, Case No. 18CCJP06150A. K.A.'s Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 7), County of Los Angeles's Motion to Remand (ECF No. 10), and County of Los Angeles's Request to Reschedule Motion to Remand (ECF No. 16) should be denied as moot.

DATED: Feb. 8, 2019

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE